UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JAMAICA HOSPITAL MEDICAL CENTER, INC. and FLUSHING HOSPITAL MEDICAL CENTER, INC.,

        Plaintiffs,

v.

UNITEDHEALTH GROUP, INC., OXFORD HEALTH PLAN (NY), INC., OXFORD HEALTH INSURANCE, INC., UNITED HEALTHCARE OF NEW YORK, INC., UNITED HEALTHCARE INSURANCE COMPANY OF NEW YORK, WILLIAM MAGUIRE, PAUL CONLIN, PAUL CRESPI, DANA D'ELIA, "JOHN DOES" 1-50,

        Defendants.

07 Civ. 0506 (SJ) (KAM)

---

**DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO UNITED POLICYHOLDERS' MOTION FOR
LEAVE TO APPEAR AS *AMICUS* CURIAE AND FILE AN *AMICUS* BRIEF**

Mindy J. Spector (MS4898)
Kevin F. Meade (KM9237)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

*Attorneys for Defendants*

Defendants[1] respectfully file this memorandum of law in opposition to United Policyholders' motion for leave to appear as *amicus curiae* and file an amicus brief in opposition to Defendants' pending motion to abstain or, in the alternative, compel arbitration of or stay this proceeding.

## PRELIMINARY STATEMENT

United Policyholders is a non-profit organization that purports to be "dedicated to education on insurance issues and consumer rights." It seeks leave to appear as *amicus curiae* based on its claim that "arbitration is grossly unfair" from the standpoint of patients because arbitration "denies them the right to have their cases heard in court." Claiming that "most patients have little or no meaningful choice about submitting to arbitration," United Policyholders asserts that "[p]ublic policy should not be set in private."

But as even the most basic review of the Complaint demonstrates, this case does not involve any claims by or against "policyholders," any claims by or against "patients," or any issues as to whether "patients' cases" should be arbitrated. Instead, this case concerns alleged disputes arising from Plaintiffs' – two hospitals – contracts with UHIC and Oxford, and this motion concerns only whether *these* Plaintiffs are required to arbitrate *those* claims. "Policyholders" and "patients" are not part of these claims. Therefore, because United Policyholders' arguments are not relevant to any issue that is

---

[1] Defendants in this action are UnitedHealth Group Incorporated ("UHG"), Oxford Health Plans (NY), Inc. ("Oxford NY") (named incorrectly as "Oxford Health Plan (NY), Inc."), Oxford Health Insurance, Inc. ("Oxford Inc.") (Oxford NY and Oxford Inc. referred to collectively as "Oxford"), UnitedHealthcare of New York, Inc. ("United NY"), UnitedHealthcare Insurance Company of New York ("UHIC"), Dr. William McGuire, Paul Conlin, Paul Crespi, and Dana D'Elia (all individual defendants referred to collectively as the "Individual Defendants" and all defendants referred to collectively as "Defendants").

actually before the Court, its motion to appear as *amicus curiae* and submit a brief to this Court should be denied.

## ARGUMENT

There is no right to file an amicus brief, and district courts have broad discretion in deciding whether to permit the participation of proposed *amicus curiae*. *See United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991); *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992). Although there is no specific rule or statute that prescribes the procedure for obtaining leave to file an *amicus* brief, several factors guide the exercise of the Court's discretion.

First, the most basic requirement is that the *amicus* brief must be "useful" to resolving the issues facing the Court. *See Long Island Soundkeeper Fund Inc. v. New York Coastal Fisherman's Ass'n, Inc.*, 94 Civ. 0436, 1995 U.S. Dist. LEXIS 8176, *3 (S.D.N.Y. June 14, 1995).[2] At a minimum, this requires that the arguments advanced by the *amicus curiae* must be relevant to an issue facing the Court.

Second, an *amicus* brief cannot repeat or copy arguments made by the parties. *See United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994) (rejecting an amicus brief that "contain[ed] authority already known to the court and review[ed] familiar lines of argument"). Nor can an *amicus* brief enlarge the issues that were raised by the parties, or inject new issues into the litigation. *See Citizens Against Casino Gambling in Erie Cty. v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007).

---

[2] *See also Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) (*amicus* brief is "desirable" only when (1) a party is not represented competently or at all; (2) when the *amicus* has an interest in some other case that be affected by the decision in this present case (although not enough to permit intervention in this case); or (3) when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.

Finally, because an *amicus curiae* is intended to act as "an objective, neutral, dispassionate 'friend of the court,'" *Gotti*, 755 F. Supp. at 1159, *amicus* briefs should not represent overly partisan interests. *See Sec. Ex. Comm. v. Bear, Stearns & Co. Inc.*, 03 Civ. 2937, 2003 U.S. Dist. LEXIS 14611, *17 (S.D.N.Y. Aug. 25, 2003) ("[c]onferring *amicus* status on such partisan interests is inappropriate"); *Gotti*, 755 F. Supp. at 1158; *Long Island Soundkeeper Fund Inc.*, 94 Civ. 0436, 1995 U.S. Dist. LEXIS 8176, *1 ("[d]enial of leave to appear as *amicus* in a situation such as this, in which the applicant appears to have its own particular interests in the outcome of the litigation, is far from unprecedented."). Briefs representing such overly partisan interests are improper and should be rejected.

## I. UNITED POLICYHOLDERS' ARGUMENTS ARE NOT RELEVANT TO ANY ISSUE BEFORE THE COURT

United Policyholders' proposed *amicus* brief should be rejected because its arguments are not relevant to the determination of any issue before the Court. An *amicus* brief is not proper unless it helps determine an issue currently facing the Court. *See Long Island Soundkeeper Fund Inc. v. New York Coastal Fisherman's Ass'n, Inc.*, 94 Civ. 0436, 1995 U.S. Dist. LEXIS 8176, *2-3 (S.D.N.Y. June 14, 1995) (denying motion to file *amicus* brief and stating:

> [i]t is not clear. . .why any of this information would be relevant to the Court's determination of the motions at hand. General information regarding recreational shooting sports in the U.S. and the implications of environmental legislation on recreational shooting sports in general will not be particularly pertinent in determining whether the activities of the New York Athletic Club are violative of the CWA and the RCRA. Also, scientific information derived from studies of other shooting ranges will not assist in determining the issues in this particular case. The main determinations to be made in this case are site-specific and therefore additional information about other shooting ranges would not be germane and may even serve to conflate and confuse issues.

The issues presented by the pending motion are (1) whether the Court should decline to exercise jurisdiction and abstain under *Colorado River*, (2) if the Court does not abstain, whether Plaintiffs are contractually required to arbitrate their disputes with Defendants, or (3) whether the Court should stay this action pending the state court arbitration.

Rather than addressing any of those issues, United Policyholders argues that arbitration is "grossly unfair" when "approached from the standpoint of the patients." United Policyholders' Proposed Memorandum at 3. The pending motion, however, does not concern anyone other than the parties to this lawsuit. It does not even concern any patients that may have received healthcare services from Plaintiffs. This motion does not involve or affect any "policyholders" or "patients," or the issue of whether any "patients" should, or should not, have to arbitrate any disputes with anyone. It likewise does not involve any issues of public policy, least of all the state of healthcare in New York or anywhere else.

United Policyholders' proposed brief presents nothing relevant to the issues pending before this Court. Instead, it argues that Plaintiffs should not have to arbitrate their dispute with Defendants because it would be unfair to make the "patients" arbitrate unrelated disputes with Defendants. But, as explained above, the "patients" are not parties to this lawsuit, and this motion does not involve any claims, disputes, or issues that otherwise implicate their interests.

II. **UNITED POLICYHOLDERS DOES NOT PRESENT AN IMPARTIAL AND OBJECTIVE ANALYSIS**

An *amicus curiae* is a "friend of the court," and not a "friend of a party," and thus is supposed to act in "an objective, neutral, dispassionate" manner. *Gotti*, 755 F. Supp. at 1159. The proper purpose of an *amicus curiae* is to inform the Court of the current state

of the law, and to present analysis that would not have been presented by the parties to the lawsuit. *See El-Gabrowny*, 844 F. Supp. at 957 n.1 (customary role of an *amicus* is "to aid the court and offer insights not available from the parties"). United Policyholders, however, does not claim to present an objective analysis of the law. In fact, it concedes that it monitors issues "affecting the interests of all policyholders," United Policyholders Proposed Memorandum at 4, and that it does not want the Court simply to apply the "law to the specific facts of this case." *Id.* Rather, the proposed brief seeks to advance United Policyholders' own interests. Therefore, United Policyholders' brief goes well beyond the permissible limits of an *amicus* brief. *See Sec. Ex. Comm. v. Bear, Stearns & Co. Inc.*, 03 Civ. 2937, 2003 U.S. Dist. LEXIS 14611, *17 (S.D.N.Y. Aug. 25, 2003) ("[c]onferring *amicus* status on such partisan interests is inappropriate"); *Gotti*, 755 F. Supp. at 1158; *Long Island Soundkeeper Fund Inc.*, 94 Civ. 0436, 1995 U.S. Dist. LEXIS 8176, *1 ("[d]enial of leave to appear as *amicus* in a situation such as this, in which the applicant appears to have its own particular interests in the outcome of the litigation, is far from unprecedented.").

## CONCLUSION

For all of the foregoing reasons, United Policyholders' motion for leave to appear as *amicus curiae* and file an *amicus* brief should be denied.

Dated: New York, New York
December 5, 2007

*[signature]*
Mindy J. Spector (MS4898)
Kevin F. Meade (KM9237)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

*Attorneys for Defendants*