UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMAICA HOSPITAL MEDICAL CENTER, INC. and FLUSHING HOSPITAL MEDICAL CENTER, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITEDHEALTH GROUP, INC., OXFORD HEALTH PLAN (NY), INC., OXFORD HEALTH INSURANCE, INC., UNITED HEALTHCARE OF NEW YORK, INC., UNITED HEALTHCARE INSURANCE COMPANY OF NEW YORK, WILLIAM MAGUIRE, PAUL CONLIN, PAUL CRESPI, DANA D'ELIA, "JOHN DOES" 1-50, <br><br> Defendants. | 07 Civ. 0506 (SJ) (KAM) |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO THE HEALTHCARE ASSOCIATION OF NEW YORK STATE'S
AND THE GREATER NEW YORK HOSPITAL ASSOCIATION'S MOTIONS
FOR LEAVE TO APPEAR AS *AMICUS CURIAE* AND FILE *AMICUS* BRIEFS**

Mindy J. Spector (MS4898)
Kevin F. Meade (KM9237)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

*Attorneys for Defendants*

NY1:\1528318\02\WR9@02!.DOC\78429.0149

Defendants[1] respectfully file this consolidated memorandum of law in opposition

to the Healthcare Association of New York State's ("HANYS") and the Greater New

York Hospital Association's ("GNYHA") motions for leave to appear as *amicus curiae*

and file *amicus* briefs in opposition to Defendants' pending motion to abstain or, in the

alternative, compel arbitration of or stay this proceeding.

## PRELIMINARY STATEMENT

In a blatantly partisan attempt to transform an otherwise straightforward

contractual dispute into a referendum on healthcare in New York State, HANYS and

GNYHA claim that this Court should not compel arbitration because this case "involve[s]

transcendent public health issues which should not be decided in arbitration," and

because Plaintiffs' claims "reflect systemic and chronic difficulties that most hospitals in

New York State, if not the country, experience in attempting to be paid by managed care

companies." Notwithstanding their best efforts to explain that Plaintiffs' claims are "not

really about a contractual dispute," this case does not concern the state of national

healthcare. Additionally, this case does not concern "most hospitals in New York State,

if not the country," and does not involve "transcendent public health issues." Moreover,

this motion involves only the simple and straightforward issue of whether these two

Plaintiffs – and *only* these two Plaintiffs – are contractually obligated to arbitrate their

claims against Defendants.

---

[1] Defendants in this action are UnitedHealth Group Incorporated ("UHG"), Oxford Health Plans (NY), Inc. ("Oxford NY") (named incorrectly as "Oxford Health Plan (NY), Inc."), Oxford Health Insurance, Inc. ("Oxford Inc.") (Oxford NY and Oxford Inc. referred to collectively as "Oxford"), UnitedHealthcare of New York, Inc. ("United NY"), UnitedHealthcare Insurance Company of New York ("UHIC"), Dr. William McGuire, Paul Conlin, Paul Crespi, and Dana D'Elia (all individual defendants referred to collectively as the "Individual Defendants" and all defendants referred to collectively as "Defendants").

The proposed briefs submitted by HANYS and GNYHA present nothing relevant to that issue. Instead, they merely repeat the same irrelevant public policy arguments that are already presented in Plaintiffs' opposition memorandum, without addressing the actual issues relevant to this motion, and without addressing *any* of the cases presented in Defendants' motion papers. Accordingly, and as demonstrated below, their motions for leave to appear as *amicus curiae* and to submit briefs on behalf of Plaintiffs should be denied.

## ARGUMENT

There is no right to file an amicus brief, and district courts have broad discretion in deciding whether to permit the participation of proposed *amicus curiae*. *See United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991); *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992). Although there is no specific rule or statute that prescribes the procedure for obtaining leave to file an *amicus* brief, several factors guide the exercise of the Court's discretion.

First, the most basic requirement is that an *amicus* brief must be "useful" to resolving the issues facing the Court. *See Long Island Soundkeeper Fund Inc. v. New York Coastal Fisherman's Ass'n, Inc.*, 94 Civ. 0436, 1995 U.S. Dist. LEXIS 8176, *3 (S.D.N.Y. June 14, 1995).[2] At a minimum, this requires that the arguments advanced by the *amicus curiae* must be relevant to an issue facing the Court.

---

[2] *See also Ryan v. CFTC,* 125 F.3d 1062, 1063 (7th Cir. 1997) (*amicus* brief is "desirable" only when (1) a party is not represented competently or at all; (2) when the *amicus* has an interest in some other case that be affected by the decision in this present case (although not enough to permit intervention in this case); or (3) when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.

Second, an *amicus* brief cannot repeat or copy arguments made by the parties. *See United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994) (rejecting an amicus brief that "contain[ed] authority already known to the court and review[ed] familiar lines of argument").

Finally, because an *amicus curiae* is intended to act as "an objective, neutral, dispassionate 'friend of the court,'" *Gotti*, 755 F. Supp. at 1159, *amicus* briefs should not represent overly partisan interests. *See Sec. Ex. Comm. v. Bear, Stearns & Co. Inc.*, 03 Civ. 2937, 2003 U.S. Dist. LEXIS 14611, *17 (S.D.N.Y. Aug. 25, 2003) ("[c]onferring *amicus* status on such partisan interests is inappropriate"); *Gotti*, 755 F. Supp. at 1158; *Long Island Soundkeeper Fund Inc.*, 94 Civ. 0436, 1995 U.S. Dist. LEXIS 8176, *1 ("[d]enial of leave to appear as *amicus* in a situation such as this, in which the applicant appears to have its own particular interests in the outcome of the litigation, is far from unprecedented."). Briefs representing overly partisan interests are improper and should be rejected.

I.    **THE ARGUMENTS ADVANCED IN THE PROPOSED *AMICUS* BRIEFS ARE NOT RELEVANT TO ANY ISSUE BEFORE THE COURT**

The proposed *amicus* briefs should be rejected because the arguments that they advance are not relevant to the determination of any issue before the Court. An *amicus* brief is not proper unless it helps the Court determine an issue presented by a pending motion. *See Long Island Soundkeeper Fund Inc. v. New York Coastal Fisherman's Ass'n, Inc.*, 94 Civ. 0436, 1995 U.S. Dist. LEXIS 8176, *2-3 (S.D.N.Y. June 14, 1995) (denying motion to file *amicus* brief and stating:

> [i]t is not clear. . .why any of this information would be relevant to the Court's determination of the motions at hand. General information regarding recreational shooting sports in the U.S. and the implications of environmental legislation on recreational shooting sports in general will not be particularly pertinent in determining whether the activities of the New York Athletic Club are violative of the CWA and the RCRA. Also, scientific information derived from studies of other shooting ranges will not assist in determining the issues in this particular case. The main determinations to be made in this case are site-specific and therefore additional information about other shooting ranges would not be germane and may even serve to conflate and confuse issues.

The issues presented by the pending motion are (1) whether the Court should decline to exercise jurisdiction and abstain under *Colorado River*, (2) if the Court does not abstain, whether Plaintiffs are contractually required to arbitrate their disputes with Defendants, or (3) whether the Court should stay this action pending the state court arbitration.

Rather than addressing those specific issues, HANYS and GNYHA argue that Defendants have engaged in "systemic" broad based fraud, and that important public policy reasons require that this dispute be heard in open court. For instance, GNYHA asserts that Plaintiffs' claims "reflect systemic and chronic difficulties that most hospitals in New York State, if not the country, experience in attempting to be paid by managed care companies," and "[i]t is therefore essential that such broad-based, systematic problems be addressed by the courts and not through arbitrations designed primarily for disputes arising between the contracting parties." GNYHA Proposed Memorandum of Law at 5. HANYS similarly asserts that "[w]hile at first glance this case may seem to be narrow and affect only two hospitals, it actually has national and statewide significance to HANYS, its members, and the public at large." HANYS Proposed Memorandum of Law at 3. But GNYHA, HANYS, their other member hospitals, and the public at large are not parties to this lawsuit, and their purported interest in this case does not convert this

private dispute into an issue of national significance. Moreover, the Plaintiffs have alleged that Defendants deprived them of money due under contracts between Plaintiffs and UHIC and Oxford. Compl. ¶ ¶ 46, 60, 66, 68. But this claim does not arise from a "broad conspiracy," and the issue of whether these claims must be arbitrated has no implications to anyone other than the parties to this action, and least of all to New York's healthcare system. While HANYS and GNYHA – as well as Plaintiffs – have attempted to "spin" this dispute into a larger healthcare debate, this case is indeed a mere dispute "arising between contracting parties."

Further, none of the "facts" contained in either submission are relevant to determining whether Plaintiffs are contractually obligated to arbitrate their claims against Defendants. HANYS' proposed brief discusses the various investigations described in Plaintiffs' opposition memorandum, including the Nationwide Settlement Agreement, HANYS' own investigation, and the Nebraska Insurance Department's Petition and Consent Order. Additionally, it discusses the revenue that UHG earned during 2006. GNYHA discuses "the financial problems facing hospitals in New York State," the "extraordinary profits" earned by managed care companies, and the hospitals' decrease in bargaining power. But none of these issues, either in HANYS's or GNYHA's proposed briefs, are relevant to whether Plaintiffs agreed to arbitrate when they contracted with UHIC and Oxford (a fact that they concede), or whether Plaintiffs' claims fall within the scope of the relevant arbitration provisions.

Indeed, the proposed briefs do not even address Defendants' arguments that Plaintiffs voluntarily entered into contracts with arbitration clauses, or that these arbitration clauses cover the asserted claims. In fact, neither brief cites any cases in

support of its position, or even discusses any of the cases cited by Defendants. That failure alone demonstrates that the proposed briefs are not relevant and helpful in resolving any of the issues facing the Court. *See Gotti*, 755 F. Supp. at 1158 ("I am troubled by the fact that a comparison of the memorandum of law submitted by the defendants and the memorandum proposed to be submitted by [proposed *amicus curiae*] reveals that [proposed *amicus curiae*] cites no significant case not cited or discussed by the defendants and fails to cite or discuss several cases that are to be found in the defendants' brief. The proposed [*amicus* brief] would not, therefore, assist the court in the least.").

## II.   THE PROPOSED AMICUS BRIEFS REPEAT ARGUMENTS MADE IN PLAINTIFFS' OPPOSITION MEMORANDUM

An *amicus* brief cannot simply repeat the same arguments that have been made by one of the parties. *See United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994) (rejecting an amicus brief that "contain[ed] authority already known to the court and review[ed] familiar lines of argument"). The proposed briefs, however, merely repeat the same public policy arguments that Plaintiffs presented in their opposition memorandum. *See* Plaintiffs' Memorandum of Law at 27-30. In their opposition memorandum, Plaintiffs alleged that Defendants were engaged in a broad based nationwide fraudulent scheme, citing to the various investigations, including HANYS' investigation and the Nebraska Insurance Department's Petition. *See id.* at 3, 13. Based on these "facts," among others, Plaintiffs claimed that this dispute should be heard by the Court, and not in arbitration. *See id.* at 27-30. The proposed *amici* have repeated this same argument, and do not offer a new and unique perspective that is

otherwise unavailable. *See El-Gabrowny*, 844 F. Supp. at 957 n.1 (denying *amicus* status

on grounds that "neither of these submissions offers any argument or point of view not

available from the parties themselves").

**III.   HANYS AND GNYHA DO NOT PRESENT AN IMPARTIAL AND OBJECTIVE ANALYSIS**

An *amicus curiae* is a "friend of the court," and not a "friend of a party," and thus

is supposed to act in "an objective, neutral, dispassionate" manner. *See Gotti*, 755 F.

Supp. at 1159. The proper purpose of an *amicus curiae* is to present neutral analysis and

inform the Court as to the current state of the law, and to present any analysis that would

not have been presented by the parties to the lawsuit. *See El-Gabrowny*, 844 F. Supp. at

957 n.1 (customary role of an *amicus* is "to aid the court and offer insights not available

from the parties"). But rather than acting as neutral and objective providers of

information to the Court to aid in its decision making process, both HANYS and

GNYHA offer outright partisan support for Plaintiffs. For instance, HANYS's proposed

memorandum states as a "fact" that "Defendants' histories speak volumes about their

systemic behaviors which wreak havoc on providers and subscribers across the State, and

the nation," HANYS Proposed Memorandum at 4, and claims that Defendants have an

"apparent national agenda to maximize profits at the expense of subscribers and

providers. . . ." *Id.* at 9.

This lack of objectivity is not surprising, as both HANYS and GNYHA

acknowledge that they exist to represent and further the interests of hospitals. HANYS

concedes that it lobbies on behalf of hospitals and proposes "legislative reform to

strengthen and improve existing laws regulating the health insurance industry."

HANYS's Proposed Memo. at 2.  GNYHA acknowledges that Plaintiffs' Chief Executive Office, David Rosen, is a member of GNYHA's Board of Governors.  *Id.* at 2. GNYHA's decision to bring this motion, therefore, was guided by an individual with a direct interest in this lawsuit.   Particularly in light of the fact that Plaintiffs are represented here by able and competent counsel, the overly partisan efforts of HANYS and GNYHA to inject themselves into this private dispute should be rejected.  *See Sec. Ex. Comm. v. Bear, Stearns & Co. Inc.,* 03 Civ. 2937, 2003 U.S. Dist. LEXIS 14611, *17 (S.D.N.Y. Aug. 25, 2003) ("[c]onferring *amicus* status on such partisan interests is inappropriate"); *Gotti,* 755 F. Supp. at 1158; *Long Island Soundkeeper Fund Inc.,* 94 Civ. 0436, 1995 U.S. Dist. LEXIS 8176, *1 ("[d]enial of leave to appear as *amicus* in a situation such as this, in which the applicant appears to have its own particular interests in the outcome of the litigation, is far from unprecedented.").

## CONCLUSION

For all of the foregoing reasons, HANYS' and GNYHA's motion for leave to appear as *amicus curiae* and file *amicus* briefs should be denied.

Dated: New York, New York
      December 5, 2007

Mindy J. Spector (MS4898)
Kevin F. Meade (KM9237)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

*Attorneys for Defendants*