UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JAMAICA HOSPITAL MEDICAL CENTER, INC. and FLUSHING HOSPITAL MEDICAL CENTER, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITEDHEALTH GROUP, INC., OXFORD HEALTH PLAN (NY), INC., OXFORD HEALTH INSURANCE, INC., UNITED HEALTHCARE OF NEW YORK, INC., UNITED HEALTHCARE INSURANCE COMPANY OF NEW YORK, WILLIAM MAGUIRE, PAUL CONLIN, PAUL CRESPI, DANA D'ELIA, "JOHN DOES" 1-50, <br><br> Defendants. | 07 Civ. 0506 (SJ) (KAM) |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO REPRESENTATIVE JERROLD NADLER'S AMICUS BRIEF**

Mindy J. Spector (MS4898)
Kevin F. Meade (KM9237)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

*Attorneys for Defendants*

Defendants[1] respectfully file this memorandum of law in opposition to Representative Jerrold Nadler's amicus brief, filed in opposition to Defendants' pending motion to abstain or, in the alternative, compel arbitration of or stay this proceeding.

## PRELIMINARY STATEMENT

Without first seeking this Court's permission, Representative Jerrold Nadler ("Rep. Nadler") has submitted a highly partisan brief that attempts to transform an otherwise straightforward contractual dispute into a referendum on healthcare in the United States. Arguing that a "true and undeniable" crisis exists in the United States that is "on the minds of the nation's citizenry," Rep. Nadler asserts that maintaining this action would aid "the legislative debates regarding the future of healthcare in this country." But this argument simply has nothing to do with the actual issues before this Court.

Despite Plaintiffs and their *amici's* best attempts to frame this action in terms of a national debate over the administration of healthcare, this action in reality involves a private dispute between Plaintiffs and Defendants. This lawsuit does not involve "Congress or the nation's citizenry," who are not parties, have asserted no claims, and have no interests at stake in this lawsuit. Even if "the questions raised by this litigation" were on "the minds of the nation's citizenry at large," the issues before the Court are (1) whether it should abstain, (2) if not, whether Plaintiffs are contractually obligated to arbitrate their asserted claims, and (3) whether the Court should stay this action pending

---

[1] Defendants in this action are UnitedHealth Group Incorporated ("UHG"), Oxford Health Plans (NY), Inc. ("Oxford NY") (named incorrectly as "Oxford Health Plan (NY), Inc."), Oxford Health Insurance, Inc. ("Oxford Inc.") (Oxford NY and Oxford Inc. referred to collectively as "Oxford"), UnitedHealthcare of New York, Inc. ("United NY"), UnitedHealthcare Insurance Company of New York ("UHIC"), Dr. William McGuire, Paul Conlin, Paul Crespi, and Dana D'Elia (all individual defendants referred to collectively as the "Individual Defendants" and all defendants referred to collectively as "Defendants").

the state court arbitration. The "interests" or "concerns" of the "nation's citizenry" are not implicated by the pending motion. Accordingly, because Rep. Nadler's proposed brief is not relevant to any of the issues that are actually before the Court, it should be rejected.

## ARGUMENT

There is no right to file an *amicus* brief, and district courts have broad discretion in deciding whether to permit the participation of proposed *amicus curiae*. *See United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991); *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992). Although there is no specific rule or statute that prescribes the procedure for obtaining leave to file an *amicus* brief, several factors guide the exercise of the Court's discretion.

First, the most basic requirement is that the *amicus* brief must be "useful" to resolving the issues facing the Court. *See Long Island Soundkeeper Fund Inc. v. New York Coastal Fisherman's Ass'n, Inc.*, 94 Civ. 0436, 1995 U.S. Dist. LEXIS 8176, *3 (S.D.N.Y. June 14, 1995).[2] At a minimum, this requires that the arguments advanced by the *amicus curiae* must be relevant to an issue facing the Court.

Second, an *amicus* brief cannot repeat or copy arguments made by the parties. *See United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994) (rejecting an amicus brief that "contain[ed] authority already known to the court and review[ed] familiar lines of argument").

---

[2] *See also Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) (*amicus* brief is "desirable" only when (1) a party is not represented competently or at all; (2) when the *amicus* has an interest in some other case that be affected by the decision in this present case (although not enough to permit intervention in this case); or (3) when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.

Finally, because an *amicus curiae* is intended to act as "an objective, neutral, dispassionate 'friend of the court,'" *Gotti*, 755 F. Supp. at 1159, *amicus* briefs should not represent overly partisan interests. *See Sec. Ex. Comm. v. Bear, Stearns & Co. Inc.*, 03 Civ. 2937, 2003 U.S. Dist. LEXIS 14611, *17 (S.D.N.Y. Aug. 25, 2003) ("[c]onferring *amicus* status on such partisan interests is inappropriate"); *Gotti*, 755 F. Supp. at 1158; *Long Island Soundkeeper Fund Inc.*, 94 Civ. 0436, 1995 U.S. Dist. LEXIS 8176, *1 ("[d]enial of leave to appear as *amicus* in a situation such as this, in which the applicant appears to have its own particular interests in the outcome of the litigation, is far from unprecedented."). Briefs representing overly partisan interests are improper and should be rejected.

## I.    THE ARGUMENTS ADVANCED BY THE PROPOSED *AMICUS* BRIEF ARE NOT RELEVANT TO ANY ISSUE BEFORE THE COURT

Rep. Nadler's brief should be rejected because his arguments are not relevant to the determination of any issue before the Court. An *amicus* brief is not proper unless it helps the Court determine an issue presented by a pending motion. *See Long Island Soundkeeper Fund Inc. v. New York Coastal Fisherman's Ass'n, Inc.*, 94 Civ. 0436, 1995 U.S. Dist. LEXIS 8176, *2-3 (S.D.N.Y. June 14, 1995) (denying motion to file *amicus* brief and stating:

> [i]t is not clear. . .why any of this information would be relevant to the Court's determination of the motions at hand. General information regarding recreational shooting sports in the U.S. and the implications of environmental legislation on recreational shooting sports in general will not be particularly pertinent in determining whether the activities of the New York Athletic Club are violative of the CWA and the RCRA. Also, scientific information derived from studies of other shooting ranges will not assist in determining the issues in this particular case. The main determinations to be made in this case are site-specific and therefore additional information about other shooting ranges would not be germane and may even serve to conflate and confuse issues.

The issues presented by the pending motion are (1) whether the Court should decline to exercise jurisdiction and abstain under *Colorado River*, (2) if the Court does not abstain, whether Plaintiffs are contractually required to arbitrate their disputes with Defendants, or (3) whether the Court should stay this action pending the state court arbitration.

Rep. Nadler does not address either of these issues. He does not cite or discuss any cases that are relevant to either of these issues. He does not argue that Plaintiffs did not agree to arbitrate these claims, or that the asserted claims do not fit within the arbitration provisions. He also does not address any of the cases cited by Defendants in their moving papers, leaving his brief fatally flawed. *See Gotti*, 755 F. Supp. at 1158 ("I am troubled by the fact that a comparison of the memorandum of law submitted by the defendants and the memorandum proposed to be submitted by [proposed *amicus curiae*] reveals that [proposed *amicus curiae*] cites no significant case not cited or discussed by the defendants and fails to cite or discuss several cases that are to be found in the defendants' brief. The proposed [*amicus* brief] would not, therefore, assist the court in the least.").

Instead, Rep. Nadler argues that "healthcare" is a critical issue facing the nation, that critical issues of public policy should be heard by the Court and not arbitrators, and that this lawsuit should be permitted to move forward to provide Congress with information while "Congress works to get its 'fixes right.'" Additionally, Rep. Nadler simply asserts in a conclusory fashion that "[c]ertainly, plaintiffs allegations that Oxford and United – at the behest of their parent company, UnitedHealth Group – have engaged in a national pattern of racketeering activity is sufficient to defeat any contractual arbitration provisions on equity grounds." Rep. Nadler's Proposed Memorandum at 2.

Citing to *Brown v. Board of Education*, Rep. Nadler asserts that this action should be maintained this Court because "intense litigation was the catalyst for the current litigation protecting the citizens of this nation. . . ." *Id.* at 4-5.

This motion, however, does not concern "healthcare," the "nation's citizenry," or Congress' attempts to reach a legislative solution on the issue of healthcare. Indeed, the "nation's citizenry" are not parties to this action, have asserted no claims, have not had any claims asserted against them, and do not have any interests at stake in this action. Rather, Plaintiffs are claiming that they are entitled to more money under their contracts with UHIC and Oxford, and were deprived of that money. Compl. ¶¶ 46, 60, 66, 68. Indeed, any recovery by Plaintiffs will not flow to "the public at large." That private dispute does not implicate any "public policy," least of all the public policy of the United States.[3]

## II. REP. NADLER'S AMICUS BRIEF REPEATS ARGUMENTS MADE IN PLAINTIFFS' OPPOSITION MEMORANDUM

An *amicus* brief cannot simply repeat the same arguments that have been made by one of the parties. *See United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994) (rejecting an amicus brief that "contain[ed] authority already known to the court and review[ed] familiar lines of argument"). Rep. Nadler's proposed brief, however, merely repeats the same public policy arguments that Plaintiffs presented in their opposition memorandum. *See* Plaintiffs' Memorandum of Law at 27-30. In their opposition memorandum, Plaintiffs alleged that Defendants were engaged in a broad

---

[3] Further, in addition to being unsupported and irrelevant, Rep. Nadler's assertion that Plaintiffs' allegations are "sufficient to defeat any contractual provision on equity grounds," is incorrect. The United States Supreme Court has concluded that RICO claims against managed care organizations are arbitrable. *See Pacificare Health Sys. v. Book,* 538 U.S. 401 (2003). Therefore, merely alleging RICO claims against a managed care organization is not enough to "defeat any contractual provision on equity grounds."

based nationwide fraudulent scheme. They argued that this fraud implicated "weighty public issues." *Id.* at 29. Therefore, they argued that this dispute should be heard by the Court, where discovery would be "comprehensive," and any decision would contain "judicially reasoned findings." *Id.* Rep. Nadler has repeated this same argument, and does not offer a new and unique perspective that is otherwise unavailable. *See El-Gabrowny*, 844 F. Supp. at 957 n.1 (denying *amicus* status on grounds that "neither of these submissions offers any argument or point of view not available from the parties themselves").

### III. REP. NADLER DOES NOT PRESENT AN IMPARTIAL AND OBJECTIVE ANALYSIS

An *amicus curiae* is a "friend of the court," and not a "friend of a party," and thus is supposed to act in "an objective, neutral, dispassionate" manner. *Gotti*, 755 F. Supp. at 1159. The proper purpose of an *amicus curiae* is to inform the Court of the current state of the law, and to present analysis that would not have been presented by the parties to the lawsuit. *See El-Gabrowny*, 844 F. Supp. at 957 n.1 (customary role of an *amicus* is "to aid the court and offer insights not available from the parties"). Rep. Nadler does not seek to provide this Court with objective analysis as to the current state of the law. Indeed, he does not cite any cases that address the actual issues before the Court. Nor does he seek to provide any unique insights that are not otherwise available.

Rather, his brief simply seeks to advocate for Plaintiffs' position, discussing the "problems of financial disparity and abusive denial tactics" that have "been enhanced in recent years as a result of the merger and acquisition of health plans," including UHG's acquisition of Oxford Health Plans. Rep. Nadler's Proposed Memorandum at 9. Additionally, the brief asserts that "[n]ot only can the instant litigation force UHG,

Oxford and United, to be held accountable beyond a fine which amounts to nothing more than the 'cost of doing business' for these large corporations, this litigation will inform Congress' efforts to fashion the best changes on our health care systems." *Id.* at 13. Rather than providing the Court with objective information on the state of the law, Rep. Nadler is merely seeking to supplement Plaintiffs' opposition. In light of the fact that Plaintiffs are represented by able counsel, Rep. Nadler's partisan efforts to inject himself into this private dispute should be rejected. *See Sec. Ex. Comm. v. Bear, Stearns & Co. Inc.*, 03 Civ. 2937, 2003 U.S. Dist. LEXIS 14611, *17 (S.D.N.Y. Aug. 25, 2003) ("[c]onferring *amicus* status on such partisan interests is inappropriate"); *Gotti*, 755 F. Supp. at 1158; *Long Island Soundkeeper Fund Inc.*, 94 Civ. 0436, 1995 U.S. Dist. LEXIS 8176, *1 ("[d]enial of leave to appear as *amicus* in a situation such as this, in which the applicant appears to have its own particular interests in the outcome of the litigation, is far from unprecedented.").

## CONCLUSION

For all of the foregoing reasons, Rep. Nadler's proposed *amicus* brief should be rejected.

Dated: New York, New York
December 5, 2007

                                             /s/ Mindy Spector
                                             Mindy J. Spector (MS4898)
                                             Kevin F. Meade (KM9237)
                                             Weil, Gotshal & Manges LLP
                                             767 Fifth Avenue
                                             New York, NY 10153

                                             *Attorneys for Defendants*